James P. Berg, Esq.
PARKER IBRAHIM & BERG LLC
5 Penn Plaza, Suite 2371
New York, New York 10001
Main: 212.596.7037
Fax: 212.596.7036
james.berg@piblaw.com
*Attorneys for Defendant*
WaMu Asset Acceptance Corp.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| RICHARD LW HOLT, | : | Case No. 16-23653-rdd |
| | : | |
| Debtor. | : | |
| | : | |
| RICHARD LW HOLT, | : | Adv. Proc. No. 17-08245-rdd |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WAMU ASSET ACCEPTANCE CORP, | : | |
| NOT IN ITS INDIVIDUAL CAPACITY, | : | |
| | : | |
| Defendant. | : | |

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT FOR ABSTENTION FROM OR DISMISSAL OF ADVERSARY PROCEEDING

---

On the Brief:
James P. Berg, Esq. (Parker Ibrahim & Berg LLC)

3169423.2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................iii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS ...................................................................................................2

    A.  The Underlying Loan and Pending Connecticut Foreclosure Action .........................2

    B.  The Debtor's Prior Bankruptcy Filings ...................................................................5

    C.  The Debtor's Frivolous Attempts to Remove the CT State Court Action to Federal
        Court .......................................................................................................................6

    D.  The Debtor's Numerous Other Pending Actions With Respect to the Note and
        Mortgage .................................................................................................................7

    E.  The Instant Adversary Proceeding ..........................................................................10

LEGAL ARGUMENT.........................................................................................................10

    I.  The Debtor's Instant Adversary Complaint Should Be Dismissed ....................10

        A.  Standard for Motion to Dismiss ................................................................10

        B.  The WAAC Adversary Complaint Should Be Dismissed Because the
            Debtor Lacks Standing to File for Bankruptcy in the Southern District of
            New York and Therefore Lacks Standing to File This Adversary
            Proceeding in the United States Bankruptcy Court for the Southern District
            of New York ............................................................................................12

        C.  The WAAC Adversary Complaint Should Be Dismissed Pursuant to the
            Prior Pending Action Doctrine .................................................................16

        D.  The WAAC Adversary Complaint Should Be Dismissed Pursuant to the
            First-Filed Rule.......................................................................................18

        E.  Count III Relating to the Filing of a Proof of a Claim Should Be Dismissed
            Because the Debtor Fails to Plead the Essential Elements of Fraud ..........20

    II.  ALTERNATIVELY, THE COURT SHOULD ABSTAIN FROM HEARING
        THE ADVERSARY PROCEEDING ..............................................................21

        A.  Mandatory Abstention from this Adversary Proceeding is Required ........21

B.    Even if Mandatory Abstention Is Not Required, Permissive Abstention from the WAAC Adversary Proceeding is Warranted ...............................22

C.    In Addition to Abstention Under 28 U.S.C. § 1334 (c), *Colorado River* Abstention from this Adversary Proceedings Is Also Appropriate Here ...24

D.    In Addition to Abstention Under 28 U.S.C. § 1334 (c), and *Colorado River*, the Younger Abstention Doctrine Also Bars Debtor's Claims ........26

CONCLUSION.....................................................................................................................27

3169423.2

# TABLE OF AUTHORITIES

**Cases**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*
860 F. Supp. 128 (S.D.N.Y. 1994) ............................................................................ 20

*Achtman v. Kirby McInerney & Squire, LLP*
464 F.3d 328 (2d Cir. 2006) .................................................................................... 11

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ...................................................................................... 10-11, 11

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ................................................................................................ 11

*Byron v. Genovese Drug Stores, Inc.*
2011 WL 4962499 (E.N.D.Y. Oct. 14, 2011) ........................................................ 19

*Cali v. East Coast Aviation Services, Ltd.*
178 F. Supp. 2d 276 (E.D.N.Y. 2001) .................................................................... 18

*Colorado Riv. Water Conservation Dist. v. U.S.*
424 U.S. 800 (1976) ........................................................................ 16, 24, 25, 26

*Crigger v. Fahnestock & Co., Inc.*
443 F.3d 230 (2d Cir. 2006) .................................................................................... 20

*Curtis v. Citibank, N.A.*
226 F.3d 133 (2d Cir. 2000) .......................................................................... 16, 18, 20

*Day v. Union Mines Inc.*
862 F.2d 652 (7th Cir.1988) .................................................................................... 25

*Denney v. Deutsche Bank AG*
443 F.3d 253 (2d Cir. 2006) .................................................................................... 12

*Dittmer v. County of Suffolk*
146 F.3d 113 (2d Cir.1998). .................................................................................... 25

3169423.2

*Employers Ins. of Wausau v. Fox Entm't Group, Inc.*
522 F.3d 271 (2d Cir. 2008) ................................................................................................ 16

*Ensign Yachts, Inc. v. Arrigoni*
567 F. App'x 32 (2d Cir. 2014) ........................................................................................... 21

*Factors Etc., Inc. v. Pro Arts, Inc.*
579 F.2d 215 (2d Cir.1978) ................................................................................................. 18

*First City Nat. Bank & Trust Co. v. Simmons*
878 F.2d 76 (2d Cir. 1989) ............................................................................................. 16, 18

*Fort Howard Paper Co. v. William D. Witter, Inc.*
787 F.2d 784 (2d Cir. 1986) ................................................................................................ 18

*Gray v. Pagano*
287 F. App'x 155 (3d Cir. 2008) ..................................................................................... 26, 27

*In re Abir*
2010 WL 1169929 (E.D.N.Y. Mar. 22, 2010) .................................................................... 23

*In re Exeter Holding, Ltd.*
2013 Bankr. LEXIS 1008 (Bankr. E.D.N.Y. Mar. 14, 2013).............................................. 23

*In re Personal Communication Devices, LLC*
556 B.R. 45 (Bankr. E.D.N.Y. 2016) .................................................................................. 23

*In re WorldCom, Inc. Sec. Litig.*
293 B.R. 308 (S.D.N.Y. 2003) ............................................................................................ 22

*Intema Ltd. v. NTD Labs., Inc.*
654 F. Supp. 2d 133 (E.D.N.Y. 2009) ................................................................................. 19

*Ivy–Mar Co. v. Weber-Stephen Prods. Co.*
1993 WL 535166  (S.D.N.Y. Dec. 22, 1993)....................................................................... 20

*Jones v. Nat'l Commc'n & Surveillance Networks*
409 F. Supp. 2d. 456 (S.D.N.Y. 2006), *aff'd* 266 F. App'x. 31 (2d Cir. 2008) ...................... 12

*Kahn v. Gen. Motors Corp.*
889 F.2d 1078 (Fed. Cir. 1989) ........................................................................... 18, 26

*Kaufman v. Time Warner*
836 F.3d 137 (2d Cir. 2016) ....................................................................................... 12

*Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*
342 U.S. 180 (1952) .................................................................................................. 18

*Khan v. Bank of Am. Home Loan Servicing L.P.*
2012 WL 1898619 (D.N.J. May 23, 2012) ............................................................... 26

*Larobina v. Comm'r of Transp.*
02005 WL 2789321 (D.Conn. Oct. 25, 2005)........................................................... 24

*Maclaren v. B–I–W Group, Inc.*
329 F. Supp. 545 (S.D.N.Y. 1971) ........................................................................... 19

*MasterCard Intl., Inc. v. Lexcel Sols., Inc.*
2004 WL 1368299 (S.D.N.Y. June 16, 2004)........................................................... 19

*Meeropol v. Nizer*
505 F.2d 232 (2d Cir.1974)....................................................................................... 19

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*
457 U.S. 423 (1982) .................................................................................................. 27

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*
460 U.S. 1 (1983) ...................................................................................................... 24

*Motion Picture Lab. Technicians Local 780 I.A.T.S.E. v. McGregor & Werner, Inc.*
804 F.2d 16 (2d Cir. 1986).................................................................................. 16, 18

*Niagara Mohawk Power Corp. v. Hudson Riv.-Black Riv. Regulating Dist.*
673 F.3d 84 (2d Cir. 2012)........................................................................................ 24

*O'Hopp v. ContiFinancial Corp.*
88 F. Supp. 2d 31 (E.D.N.Y. 2000)........................................................................... 18

3169423.2

*Ole Media Mgmt., L.P. v. EMI Apr. Music, Inc.*
2013 WL 2531277 (S.D.N.Y. June 10, 2013) ......................................................................... 17

*Oleg Cassini, Inc. v. Serta, Inc.*
2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) ........................................................................... 19

*Ontel Products, Inc. v. Project Strategies Corp.*
899 F. Supp. 1144 (S.D.N.Y. 1995) ........................................................................................ 19

*Roberto's Fruit Mkt., Inc. v. Schaffer*
13 F. Supp. 2d 390 (E.D.N.Y. 1998) ....................................................................................... 12

*S. Cherry St., LLC v. Hennessee Grp. LLC*
573 F.3d 98 (2d Cir. 2009) ...................................................................................................... 10

*Salahuddin v. Cuomo*
861 F.2d 40 (2d Cir. 1988) ...................................................................................................... 11

*Save Power Ltd. v. Syntek Fin. Corp.*
121 F.3d 947 (5th Cir.1997) .................................................................................................... 19

*Schall v. Joyce*
885 F.2d 101 (3d Cir. 1989) .................................................................................................... 27

*Schlaifer Nance & Co. v. Estate of Warhol*
119 F.3d 91 (2d Cir. 1997) ...................................................................................................... 20

*Semmes Motors, Inc. v. Ford Motor Co.*
429 F.2d 1197 (2d Cir. 1970) .................................................................................................. 18

*Simms v. Seaman*
308 Conn. 523, 69 A.3d 880 (2013) ........................................................................................ 21

*Smith v. Local 819 I.B.T. Pension Plan*
291 F.3d 236 (2d Cir. 2002) .................................................................................................... 11

*Spotless Enterprises Inc. v. The Accessory Corp.*
415 F. Supp. 2d 203 (E.D.N.Y. 2006) ............................................................................... 18, 19

3169423.2

*Taylor v. Rodriguez*
238 F.3d 188 (2d Cir. 2001) ............................................................................................. 18

*Thornton Tomasetti, Inc. v. Anguillan Dev. Corp.*
2015 WL 7078656 (S.D.N.Y. Nov. 13, 2015) ................................................................. 17

*Warth v. Seldin*
422 U.S. 490 (1975) ......................................................................................................... 12

*William Gluckin & Co. v. Intl. Playtex Corp.*
407 F.2d 177 (2d Cir. 1969) ............................................................................................. 18

*Woodford v. Community. Action Agency of Greene County, Inc.*
239 F.3d 517 (2d Cir. 2001) ............................................................................................. 24

*Wyler–Wittenberg v. MetLife Home Loans, Inc.*
899 F. Supp. 2d 244 (E.D.N.Y. 2012) .............................................................................. 19

**Statutes**

28 U.S.C. § 1334 ............................................................................................................... 26

28 U.S.C. § 1334(c) ................................................................................................. 21, 24, 26

28 U.S.C. § 1334(c)(1) ...................................................................................................... 22

28 U.S.C. § 1408 ............................................................................................................... 12

**Rules**

Fed. R. Civ. P. 8(a)(2) ...................................................................................................... 11

3169423.2

Defendant WaMu Asset Acceptance Corp. ("Defendant") respectfully submits this memorandum of law in support of its motion for abstention from or dismissal of the above-captioned adversary proceeding (the "Adversary Proceeding") filed by Plaintiff Richard LW Holt ("Plaintiff" or "Debtor").

## PRELIMINARY STATEMENT

The instant Adversary Complaint, is nothing more than the Debtor's latest abusive attempt at forum shopping and the latest example of the Debtor's dilatory, frivolous, and sanctionable conduct calculated to delay a state court foreclosure action (which has been pending for nearly seven years and which has included more than twenty-five days of trial over the last two and a half years) into perpetuity. Even though the Debtor does not have standing to file in this district, this Court is nonetheless now one in the long line of courts in which the Debtor has attempted to litigate his purported claims, including the Connecticut Superior Court, the United States District Court for the District of Connecticut, the United States Bankruptcy Court for the District of Connecticut, United States District Court for the Southern District of New York, the United States District Court for the District of Columbia, the Second Circuit Court of Appeals, and, if the Debtor is to be believed, the courts of country of Sweden.

This Adversary Proceeding involves substantially the same parties, issues, allegations and claims regarding the enforceability of the Note and Mortgage as the Debtor is currently litigating by way of no less than fifty special defenses and twenty counterclaims in the state court foreclosure action, in a separate prior pending actions filed by the Debtor in the United States District Court for the Southern District of New York and the District of Columbia. Accordingly, for the reasons set forth below, this Adversary Proceeding should be dismissed.

1

## STATEMENT OF FACTS

**A.     The Underlying Loan and Pending Connecticut Foreclosure Action**

On or about December 23, 2008, JPMorgan Chase Bank, N.A. ("Chase") filed a foreclosure complaint (the "Foreclosure Complaint") against the Debtor in the Superior Court for the State of Connecticut, Case No. FST-CV08-5009720-S ("CT State Court Action").  *See* Declaration of James P. Berg, Esq. ("Berg Decl."), Ex. A.  A true and correct copy of the docket report for CT State Court Action ("CT State Court Docket") is attached to the Berg Decl. as Ex. B.  Chase's Foreclosure Complaint relates to a note ("Note") and mortgage ("Mortgage") dated March 22, 2000, in favor of Washington Mutual Bank, F.A. ("WaMu"), in the amount of $308,000.00, relating to certain real property located at 23 Ridgewood Drive, Norwalk, Connecticut 06853 (the "Property") previously owned by the Debtor.  *See* Berg Decl., Ex. A; Adv. Compl. ¶¶ 3.6-3.8, 3.120.  The loan evidenced by the Note and Mortgage, and all other documents executed in connection therewith are herein referred to as the "Subject Loan."  On September 18, 2005, the Office of Thrift Supervision closed WaMu and its subsidiaries, and the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver.  Pursuant to the terms and conditions of a Purchase and Assumption Agreement dated September 25, 2008 ("PAA"), Chase acquired all loans and loan commitments of WaMu, including the Subject Loan. As a result, on September 25, 2008, Chase became the owner of the loans and loan commitments of WaMu by operation of law.

On January 17, 2017, the Debtor filed his Schedules [Bankr. Docket No. 21] in which he certifies that he does not own or have any legal or equitable interest in any residence, building, land, or similar property.  Accordingly, the Debtor has admitted that he possessed no ownership or other interest in the Property subject to the CT State Court Action.  In fact, by Quit Claim

Deed, dated September 16, 1996, the Debtor quit-claimed his fee interest in the Property to Dorsum Nemus Limited Liability Company, which Quit Claim Deed was recorded on September 17, 1996 in Volume 3257 at Page 234 of the Norwalk Land Records.  *See* Berg Decl., Ex. C. Further, as set forth in the Debtor's Amended Voluntary Chapter 13 Petition [Bankr. Docket No. 7] (the "Petition"), the Debtor does not reside in the Property.  Rather, the Debtor indicates on his Petition that he resides at Solvesborgsgatan 10, Malmoe, Sweden and has a mailing address of P.O. Box 456 GCT, New York, New York 10163.

The Subject Loan has been in default for more than 12 years, since September 1, 2005, and the CT State Court Action has been pending for nearly seven years, delayed time and time again by the filing of frivolous motions, bankruptcy petitions and notices of removal by the Debtor.  *See* Berg Decl., Exs. A & B.  On or around January 27, 2009, the Debtor filed an Answer and Special Defenses and Counterclaim ("Answer and Counterclaim") in response to the Foreclosure Complaint.  *See* Berg Decl., Ex. B.  Between that date and the present time, the Debtor has filed or attempted to file approximately ten additional pleadings responsive to the Complaint.  *See* Berg Decl., Ex. B.  On or around June 27, 2013, the Debtor filed an Amended Answer, Special Defenses and Counterclaims ("Amended Answer and Counterclaim") in the CT State Court Action.  *See* Berg Decl., Ex. D.  On or around January 14, 2016, the Debtor attempted to file another Amended Answer and Special Defenses ("Second Amended Answer") to the Complaint, attempting to assert approximately fifty counterclaims and fifty special defenses.  *See* Berg Decl., Ex. E.

From the time that the foreclosure action commenced in 2008 to the present, the Debtor has filed approximately ***sixty*** requests for an extension of time or a continuance.  *See* Berg Decl., Ex. B. This case has been ***on trial*** for nearly two and a half years, since July 3, 2014.  *See*

Memorandum of Decision on Motion for Trial Management Order, dated February 9, 2016 ("Trial Order"), Berg Decl., Ex. F. To date, there have been more than 25 days of trial in the CT State Court Action, and Chase has completed its case in chief. *See* Adv. Compl., ¶ 3.350. The most recent trial day in the CT State Court Action took place on August 22, 2017. *See* Berg Decl., ¶ 8. Further, the Debtor also has an appeal pending with the state appellate court in Connecticut related to the trial court's prior denial of the Debtor's motion to reopen Chase's case in chief. The appellate court has scheduled a hearing on its *sua sponte* motion to dismiss the Debtor's pending appeal for September 14, 2017. *Id.*

On June 15, 2017, Chase filed a motion for *in rem* relief from the automatic stay [Bankr. Docket No. 42] to proceed with the CT State Court Action, which motion was granted by the Court by Order dated entered on July 17, 2017 [Bankr. Docket No. 46] (the "Stay Relief Order"). The Stay Relief Order has since been recorded in the appropriate land records in the State of Connecticut. In the Stay Relief Order, this Court found that "the Debtor's bankruptcy petition and the Debtor's pursuit of this chapter 13 case was part of a scheme to hinder and delay creditors that has involved multiple bankruptcy filings by the Debtor affecting the Property." The Court also determined that "the Debtor's defenses to the Motion are more properly raised in actions long pending in the Connecticut state court," that the Debtor failed "to perform his duties as a debtor under the Bankruptcy Code in good faith in multiple bankruptcy cases affecting the Property," and that the Debtor disclaimed "any interest in the Property with the exception of a bare possessory interest." The Debtor has since filed an appeal of the Stay Relief Order with the U.S. District Court for the Southern District of New York.

Upon entry of the Stay Relief Order, the CT State Court held a status conference on the CT State Court Action on August 8, 2017. *See* Berg Decl., ¶ 9. At this conference, the CT State

Court scheduled trial dates for August 17th, August 22nd through 25th, and August 29th through September 1st. *See* Berg Decl., ¶ 9. On August 23, 2017, the Debtor once again attempted to remove the CT State Court Action to the United States District Court for the District of Connecticut, Case No. 17-cv-01423-AWT (the prior attempts of the Debtor to remove the CT State Court Action to federal court are set forth below). *See* Berg Decl., Ex. G. In light of the District Court's prior remand of the CT State Court Action (and the Second Circuit's affirmance thereof), the CT State Court held that the Debtor's latest removal attempt did not affect the ongoing trial. *See* Berg Decl., ¶ 11. On August 23rd, the Debtor failed to appear for trial in the CT State Court. *See* Berg Decl., ¶ 12. Accordingly, the CT State Court ordered that evidence be closed and that simultaneous post-trial briefs be submitted on or before October 25, 2017. *See id*.

**B.      The Debtor's Prior Bankruptcy Filings**

On April 15, 2004, the Debtor filed his first Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut, Case No. 04-50494, which was dismissed on May 20, 2004 due to the Debtor's failure to file his Schedules. *See* Berg Decl., Ex. H. This first bankruptcy case was closed on August 2, 2004. *Id.*

On January 12, 2015, while trial in the CT State Court Action was ongoing, the Debtor filed his second Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut, Case No. 15-50048, which was dismissed on February 27, 2015 due to the Debtor's failure to file all necessary documents. *See* Berg Decl., Ex. I. This second bankruptcy case was closed on June 3, 2015. *Id.*

On May 19, 2015, the Debtor filed a third Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York, Case No. 15-22704-rdd. This

Court denied the Debtor's motion to extend the automatic stay.  *See* Berg Decl., Ex. J.  The Chapter 13 Trustee thereafter moved to dismiss on several grounds, including failure to make plan payments, failure to provide information to the trustee and failure to qualify for Chapter 13 pursuant to section 109(e) of the Bankruptcy Code because the Debtor's listed unsecured debt of $708,603.39 far exceeded the Bankruptcy Code's $383,175.00 limitation.  *See* Berg Decl., Ex. K. On September 18, 2016, this Court granted the Trustee's motion and dismissed the Debtor's third bankruptcy case, which was marked as closed on September 29, 2015.  *See* Berg Decl., Ex. L.

On December 1, 2016 (the "Petition Date"), during a break for lunch on the 25th day of trial in the CT State Court Action, the Debtor drove to White Plains and filed his ***fourth*** and instant Chapter 13 bankruptcy petition commencing the above-captioned bankruptcy case, in yet another bad-faith attempt to stall the pending CT State Court Action.

### C.    The Debtor's Frivolous Attempts to Remove the CT State Court Action to Federal Court

On May 24, 2016 (the eve of the twenty-fifth day of trial in the CT State Court Action), the Debtor filed a Notice of Removal to the United States District Court for the Southern District of New York, Case No. 16-cv-3941.  *See* Berg Decl., Ex. M.  On July 5, 2016, the District Court entered an order remanding the CT State Court Action back to the Connecticut Superior Court and holding that any appeal of this order would not be taken in good faith.  *See* Berg Decl., Ex. N.

On August 1, 2016, while trial in the CT State Court Action was ongoing, the Debtor filed a second Notice of Removal, this time to the United States District Court for the District of Connecticut, Case No. 16-cv-01308-SRU.  *See* Berg Decl., Ex. O.  On September 14, 2016, the District Court remanded the CT State Court Action back to the Connecticut Superior Court.  *See* Berg Decl., Ex. P.  The Debtor appealed that decision to the United States Court of Appeals for

6

the Second Circuit (Case No. 16-3481) which issued a mandate on January 12, 2017 dismissing the Debtor's appeal.  *See* Berg Decl., Ex. Q.

Despite the two prior remand orders, on November 30, 2016 (one day before the Debtor's instant bankruptcy filing and one day before the 25th day of trial in the CT State Court Action), the Debtor filed yet another Notice of Removal to the United States District Court for the Southern District of New York, Case No. 16-cv-09312.  *See* Berg Decl., Ex. R. On December 9, 2016, the District Court again remanded the action back to the Connecticut State Court and warned the Debtor that "further attempts to remove this Connecticut litigation directly to this Court will be deemed frivolous and may result in an order barring Plaintiff from filing new civil actions *in forma pauperis* without prior permission."  *See* Berg Decl., Ex. S.

Based on the Remand Order entered by the United States District Court for the Southern District of New York as a result of the Debtor's first attempt to remove the CT State Court Action to the Southern District of New York, the judge presiding over the trial in the CT State Court Action refused to stay the 25th day of trial scheduled for December 1, 2016 while the Debtor's latest Notice of Removal was pending.  Therefore, after the morning session of trial on December 1, 2016, the Debtor, as noted above, drove to White Plains and filed the instant Petition to obtain a stay of the trial scheduled to resume that afternoon.

Further, as noted above, the Debtor has now, yet again, attempted to remove the CT State Court Action to the United States District Court for the District of Connecticut. *See* Berg Decl., Ex. G.

**D.    The Debtor's Numerous Other Pending Actions With Respect to the Note and Mortgage**

In addition to his bad-faith bankruptcy filings, frivolous removal attempts and counterclaims asserted in the CT State Court Action, the Debtor has also filed numerous

7

affirmative actions against various parties all centered upon the enforceability of the Note and Mortgage which are the subject of the CT State Court Action.  One such action is an affirmative action against Chase relating to the underlying loan which contains the same allegations as are contained in the Debtor's current Adversary Complaint.  On May 24, 2016 (the eve of the twenty-fifth day of trial in the CT State Court Action and on the same day that the Debtor filed his first frivolous Notice of Removal), the Debtor filed a complaint (the "Chase District Court Complaint") against Chase in the United States District Court for the Southern District of New York, Case No. 16-cv-03937 (the "Chase District Court Action"), seeking, among other things, that Chase be prohibited from asserting claims related to the Debtor's loan with Chase.  *Id.* On June 8, 2017, the Debtor filed an Amended Complaint in the Chase District Court Action.  *See* Berg Decl., Ex. T.  That action is currently pending.

On May 24, 2016, the Debtor filed a Complaint in the United States District Court for the Southern District of New York, Case No. 16-cv-03938 (the "First FDIC District Court Action"), against the FDIC concerning the enforceability of the Note and Mortgage which are the subject of the CT State Court Action.  *See* Berg Decl., Ex. U.  The Debtor subsequently filed two Amended Complaints in the First FDIC District Court Action.  *See* Berg Decl., Exs. V & W.  On November 19, 2016, the District Court entered an Order and Judgment dismissing the First FDIC District Court Action. *See* Berg Decl., Ex. X.

On June 9, 2017, the Debtor again filed a Complaint in the United States District Court for the Southern District of New York, Case No. 17-cv-04374 (the "Second FDIC District Court Action"), against the FDIC concerning the enforceability of the Note and Mortgage which are the subject of the CT State Court Action.  *See* Berg Decl., Ex. Y.  On July 21, 2017, the District Court entered an Order to Show Cause why the Second FDIC District Court Action should not

be dismissed. *See* Berg Decl., Ex. Z.  The Second FDIC District Court Action currently remains pending.

On June 9, 2017, the Debtor also filed a Complaint in the United States District Court for the District of Columbia, Case No. 17-cv-01139 (the "Third FDIC District Court Action"), against the FDIC concerning the enforceability of the Note and Mortgage which are the subject of the CT State Court Action. *See* Berg Decl., Ex. AA.  The Third FDIC District Court Action remains pending.

Further, at multiple appearances in the Debtor's instant bankruptcy case, the Debtor has represented that he has filed one or more lawsuits in the courts of Sweden concerning the enforceability of the Note and Mortgage which are the subject of the CT State Court Action.

In addition, on March 21, 2017, the Debtor filed an Adversary Complaint against Chase (the "Chase Adversary Complaint") commencing the Adversary Proceeding No. 17-08218 (the "Chase Adversary Proceeding"), asserting claims duplicative of his counterclaims in the CT State Court Action, his claims in the Chase District Court Action and his claims in the various other actions referenced above. *See* Berg Decl., Ex. BB.  In the CT State Court Action, the Debtor asserts fifty special defenses attacking the authenticity of the loan documents and Chase's standing, while also alleging false signatures, that Chase failed to apply certain payments, that Chase is not in possession of the Note, and that WaMu failed to correct issues with the Note at closing.  The Debtor also asserts twenty counterclaims in the CT State Court Action based on these allegations for fraud, deceptive and unfair practices, negligence, breach of contract, and tortious misuse of process.  The same allegations and claims form the basis for the Debtor's Chase Adversary Complaint.  On April 21, 2017, Chase filed a motion requesting that this Court

3169423.2

abstain from and/or dismiss the Chase Adversary Proceeding.  That motion to dismiss or abstain is currently scheduled for hearing on September 27, 2017.

**E.      The Instant Adversary Proceeding**

On July 12, 2017, the Debtor, in yet another blatant attempt at forum shopping, filed the instant Adversary Complaint (the "WAAC Adversary Complaint") against WaMu Asset Acceptance Corp. commencing Adversary Proceeding No. 17-08245 (the "WAAC Adversary Proceeding").  *See* Berg Decl., Ex. CC.  The WAAC Adversary Complaint asserts claims that are duplicative of the Debtor's counterclaims in the CT State Court Action, his claims in the Chase Adversary Proceeding, his claims in the Chase District Court Action, and his claims in the various other proceedings mentioned above, except that the Debtor now directs this frivolous litigation at a new entity, WaMu Asset Acceptance Corp.  In the CT State Court Action, the Debtor asserts fifty special defenses attacking standing, the authenticity of the loan documents, while also alleging false signatures, that misapplied payments, and that WaMu failed to correct issues with the Note at closing.  The Debtor also asserts twenty counterclaims in the CT State Court Action based on these allegations for fraud, deceptive and unfair practices, negligence, breach of contract, and tortious misuse of process.  The same allegations and claims form the basis for the Debtor's WAAC Adversary Complaint.

## LEGAL ARGUMENT

**I.      THE DEBTOR'S INSTANT ADVERSARY COMPLAINT SHOULD BE DISMISSED**

**A.      Standard for Motion to Dismiss**

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted, the Court "assume[es] all 'well-pleaded factual allegations' to be true."  *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 104 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009)).  However, "'[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss.'"  *Achtman v. Kirby McInerney & Squire*, *LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002)).

Motions to dismiss must be evaluated using the standards established in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  There, the Supreme Court held that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*.  In *Iqbal*, the Supreme Court confirmed that *Twombly*'s "plausibility" requirement applies to all civil actions and reiterated that "legal conclusions," "bare assertions," and "conclusory" allegations are "not entitled to be assumed true" and are insufficient as a matter of law.  *Iqbal*, 556 U.S. at 677-81.  The Court in *Iqbal* suggested that trial courts faced with a motion to dismiss "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id*., at 679.  These pleadings should be disregarded: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id*.  Only if the complaint contains well-pleaded factual allegations should the trial court "then determine whether they plausibly give rise to an entitlement to relief."  *Id*.

Furthermore, the Complaint does not satisfy Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Second Circuit has held that a complaint should be dismissed if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  "A mere 'litany of vague and conclusory allegations whose relevance to the asserted claims is uncertain' is not a plain statement in compliance with Rule 8."  *See Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 464

11

(S.D.N.Y. 2006), *aff'd* 266 F. App'x. 31 (2d Cir. 2008). Rule 8 seeks to avoid placing "'an unjustified burden on the court and the [parties] who must respond to [the complaint] because they are forced to select the relevant material from a mass of verbiage.'" *Roberto's Fruit Mkt., Inc. v. Schaffer*, 13 F. Supp. 2d 390, 395 (E.D.N.Y. 1998).

When deciding a motion to dismiss, "a reviewing court may consider the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and public records. *Kaufman v. Time Warner*, 836 F.3d 137, 146 (2d Cir. 2016)

**B.     The WAAC Adversary Complaint Should Be Dismissed Because the Debtor Lacks Standing to File For Bankruptcy in the Southern District of New York and Therefore Lacks Standing to File This Adversary Proceeding in the United States Bankruptcy Court for the Southern District of New York**

As the Debtor does not have standing to file Chapter 13 in this District, he does not have standing to file the WAAC Adversary Compliant in this District. Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Denney v. Deutsche Bank AG,* 443 F.3d 253, 263 (2d Cir. 2006) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)) (internal quotation marks omitted). 28 U.S.C. § 1408 provides, in pertinent part, as follows:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

At the Debtor's Section 341(a) meeting of creditors held on March 17, 2017, the Debtor testified, in pertinent part, as follows:

12

| | |
|---|---|
| Mr. Sapir: | And…so then…where do you live?  And how? |
| Mr. Holt: | Well…I, I temporarily live at 23 Ridgewood, but only for purpose of work, I'm safeguarding a house while this litigation is going on, but my permanent residence is in Sweden. |
| Mr. Sapir: | So your permanent residence is in Sweden, so therefore, your…you may not qualify to file a petition here. |
| Mr. Holt: | Yes, no I do because under the uh…Federal Law, you know, where you intend to stay for the rest of your life, that's considered to be residence – |
| Mr. Sapir: | I intend to win the lottery tomorrow- |
| Mr. Holt: | No, no, no - |
| Mr. Sapir: | But I'm not – |
| Mr. Holt: | No, but I'm, you're entitled to Swedish retirement so I want to go back there as soon as this is over. |
| Mr. Sapir: | Yeah but the question is, you have to be resident of…the District in which you file. |
| Mr. Holt: | But I have business interest in New York also. |
| Mr. Sapir: | What type of business interest do you have? |
| Mr. Holt: | Same thing, construction, compliance and licensing.  And it's been for…since 1980…since the 80s, you know. |

. . .

| | |
|---|---|
| Mr. Berg: | You, you mention that your permanent residence is in Sweden, I didn't hear where your temporary residence is? |
| Mr. Holt: | In…well there's several places actually, but also in Connecticut. |
| Mr. Berg: | What's the address? |
| Mr. Holt: | 23 Ridgewood, same as the property.  Been stuck there for several years because of this litigation.  It's not my house. |
| Mr. Berg: | And who do you live at that property with? |

13

Mr. Holt:        What?

Mr. Berg:        Who do you live at the property with?

Mr. Holt:        My wife is there also.

Mr. Berg:        And who owns the property?

Mr. Holt:        Dorsum Nemus, LLC.

Mr. Berg:        And do you have a, what relationship do you have to Dorsum Nemus?

Mr. Holt:        I have no relationship to Dorsum Nemus.

Mr. Berg:        And you mentioned you conduct construction compliance in New York?

Mr. Holt:        We do construction compliance, it's, we…read papers.

Mr. Berg:        And how long have you been doing that work specifically in New York?

Mr. Holt:        We do it all over the world.

Mr. Berg:        But I'm asking about New York.

Mr. Holt:        We're partially based in New York.

Mr. Berg:        Where are you partially based in New York?

Mr. Holt:        5th Avenue, you have the address, 244 5th Avenue.  We make sure immigrant laborers don't fall off the roofs.

Mr. Berg:        So you don't have any residence here in New York.

Mr. Holt:        I stay…several different places.

Mr. Berg:        Well where do you stay?

Mr. Holt:        Beekman…51st Street…

Mr. Berg:        You said –

Mr. Holt:        Y-You know, this, these questions don't lead anywhere.

Mr. Sapir:       Yeah, sure they do.

Mr. Holt:        Yes. Okay…

14

Mr. Sapir:      Okay.

Mr. Berg:       You said Beekman?

Mr. Holt:       Yeah, Beekman Place, 51...I…I haven't been there for some time.

Mr. Berg:       When was the last time you were there?

Mr. Holt:       Um…maybe a year ago?

Mr. Berg:       Other than Beekman Place, where else have you resided in New York in the past year?

Mr. Holt:       Oh up in…what do you call…Bushwick?

Mr. Berg:       Where in Bushwick?

Mr. Sapir:      That's Brooklyn right?

Mr. Holt:       Yeah, that's Brooklyn.

Mr. Sapir:      Okay, that's the Eastern District.

Mr. Berg:       Have you resided in any…residence in the Southern District of New York?

Mr. Holt:       That is the Southern District of New York.

Mr. Sapir:      No, Bushwick,

Mr. Berg:       Bushwick is not –

Mr. Sapir:      Brooklyn is the Eastern District of New York.

Mr. Holt:       Brooklyn is Eastern but Manhattan is Southern…

Mr. Berg:       But you haven't been there –

Mr. Sapir:      But you haven't been there in a year.

Mr. Holt:       Then…I go there all the time but I haven't stayed overnight in a year.

Mr. Sapir:      Okay.

Mr. Berg:       Any other locations?

Mr. Holt:       Not that I can think of no.

15

*See* Berg. Decl., Ex. DD.

Accordingly, it is clear from the above testimony that the Debtor does not have standing to file this instant bankruptcy case in the Southern District of New York.  Therefore, the Debtor necessarily lacks standing to file this Adversary Proceeding in the United States Bankruptcy Court for the Southern District of New York.

As such, this Adversary Proceeding must be dismissed with prejudice.

### C.   The WAAC Adversary Complaint Should Be Dismissed Pursuant to the Prior Pending Action Doctrine

It has long been recognized that "[a]s a part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000) (citing, *inter alia, Colorado River,* 424 U.S. at 800, 817 ("As between federal district courts ... though no precise rule has evolved, the general principle is to avoid duplicative litigation.")). The Second Circuit has found that while "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, [they] require instead that the district court consider the equities of the situation when exercising its discretion." *Id.* (internal citations omitted).  Thus, it is a well-settled principle in this Circuit that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second." *First City Nat. Bank & Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.,* 804 F.2d 16, 19 (2d Cir. 1986)); *see also Employers Ins. of Wausau v. Fox Entm't Group, Inc.,* 522 F.3d 271, 275 (2d Cir. 2008) ("As a general rule, where there are two competing lawsuits, the first suit should have priority.") (citing *First City Nat. Bank,* 878 F.2d at 79).

16

In making its determination of whether to dismiss an action pursuant to the prior pending action doctrine, courts engage in a "careful balancing" in which "[n]o one factor is necessarily determinative." *Id.* at 94 (citations omitted). Those factors include (1) similarity of the parties and issues, (2) interests of judicial economy, (3) the order in which the actions were filed, (4) adequacy of the alternative forum, and (5) general considerations of fairness and prejudice to the parties. *See Thornton Tomasetti, Inc. v. Anguillan Dev. Corp.*, No. 14-CV-7040 JPO, 2015 WL 7078656, at *3 (S.D.N.Y. Nov. 13, 2015) (citing *Ole Media Mgmt., L.P. v. EMI Apr. Music, Inc.,* No. 12 CIV. 7249 PAE, 2013 WL 2531277, at *3 (S.D.N.Y. June 10, 2013).)

As noted above, the Debtor filed his Chase District Court Complaint against Chase in the U.S. District Court for the Southern District of New York on May 24, 2016. Also currently pending are the Debtor's Second FDIC District Court Action in the U.S. District Court for the Southern District of New York, and the Debtor's Third FDIC District Court Action U.S. District Court for the District of Columbia. The Chase District Court Action and the Second and Third FDIC District Court Actions are premised on the same underlying facts and involve the same underlying issues relating to the enforceability of the Note and Mortgage as this Adversary Proceeding.

As such, all of the factors set forth above weigh in favor of dismissal upon application to the prior pending action doctrine:  (1) the parties and the issues are nearly identical, (2) not allowing duplicative actions to continue would serve the interests of judicial economy, (3) the Chase District Court Action and the Second and Third FDIC District Court Actions were filed before the WAAC Adversary Proceeding, (4) The District Court sitting in this district and the District of Columbia is an adequate forum, and (5) not allowing the Debtor to litigate this dispute in multiple jurisdictions, including Connecticut state court, Connecticut District and Bankruptcy

Courts, New York District and Bankruptcy Courts, the District of Columbia and the Second

Circuit, promotes general considerations of fairness and results in no prejudice to the parties.

Accordingly, the WAAC Adversary Proceeding should be dismissed.

### D.   The WAAC Adversary Complaint Should Be Dismissed Pursuant to the First-Filed Rule

The "first-filed" rule is a well-settled legal doctrine, instructing that "where there are two

[or more] competing lawsuits, the first suit should have priority, absent the showing of balance

of convenience or special circumstances giving priority to the second." *Simmons,* 878 F.2d at 79

(quotations and citations omitted); *see also Taylor v. Rodriguez,* 238 F.3d 188, 197 (2d Cir.

2001) ("In administering its docket, a district court may dismiss a second suit as duplicative of

an earlier suit ....") (citations and quotations omitted); *Curtis,* F.3d at 133, *Kahn v. Gen. Motors

Corp.,* 889 F.2d 1078, 1081 (Fed. Cir. 1989); *Motion Picture Lab. Technicians Local 780

I.A.T.S.E,* F.2d at 16; *Fort Howard Paper Co. v. William D. Witter, Inc.,* 787 F.2d 784, 790 (2d

Cir. 1986); *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978); *Semmes Motors,

Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1202 (2d Cir. 1970); *William Gluckin & Co. v. Intl.

Playtex Corp.,* 407 F.2d 177, 178 (2d Cir. 1969); *Cali v. East Coast Aviation Services, Ltd.,* 178

F. Supp. 2d 276, 292 (E.D.N.Y. 2001); *O'Hopp v. ContiFinancial Corp.,* 88 F. Supp. 2d 31, 34

(E.D.N.Y. 2000); *Spotless Enterprises Inc. v. The Accessory Corp.,* 415 F. Supp. 2d 203, 205

(E.D.N.Y. 2006) (observing vast circumstances in which federal courts have applied the "first-

filed" rule).

The United States Supreme Court has acknowledged that application of the "first-filed"

rule promotes "wise judicial administration, giving regard to conservation of judicial resources

and comprehensive disposition of litigation...." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,*

342 U.S. 180, 183 (1952). The "first-filed" rule enables courts to prevent "duplicative litigation

18

by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Ontel Products, Inc. v. Project Strategies Corp.,* 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995).  Proper application of the "first-filed" rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims.  *See Spotless Enters. Inc.,* 415 F. Supp. 2d at 205–06.

Application of the rule does not require identical parties in the cases, but merely requires "substantial overlap."  *Id.; see Intema Ltd. v. NTD Labs., Inc.,* 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) (noting that the "first-filed" rule can be invoked where significant overlapping factual issues exist between the two pending cases); *MasterCard Intl., Inc. v. Lexcel Sols., Inc.,* No. 03 Civ. 7157(WHP), 2004 WL 1368299, at *7–8; 2004 U.S. Dist. LEXIS 10906, at *23–24 (S.D.N.Y. June 16, 2004) (observing the presumption in favor of the forum in which the first action is filed where the record presents "sufficient overlapping factual and legal issues" between two cases); *see also Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 951 (5th Cir.1997); *Meeropol v. Nizer,* 505 F.2d 232, 235 (2d Cir.1974); *Maclaren v. B–I–W Group, Inc.,* 329 F. Supp. 545 (S.D.N.Y. 1971).

When considering whether to dismiss the second action, the court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts. The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially.  *Wyler–Wittenberg v. MetLife Home Loans, Inc.,* 899 F. Supp. 2d 244 (E.D.N.Y. 2012); *Byron v. Genovese Drug Stores, Inc.,* 10-CV-03313*,* 2011 WL 4962499 *3 (E.N.D.Y. Oct. 14, 2011); *Oleg Cassini, Inc. v. Serta, Inc.,*11-CV-8751 PAE, 2012 WL 844284 *3 (S.D.N.Y. Mar. 13, 2012) (for first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests").

19

Dismissal is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits. *See Curtis,* 226 F.3d at 133.

Additionally, plaintiff bears the burden of demonstrating any special circumstances justifying an exception to the rule. *800-Flowers, Inc. v. Intercontinental Florist, Inc.,* 860 F. Supp. 128, 132 (S.D.N.Y. 1994) (citing *Ivy–Mar Co. v. Weber-Stephen Prods. Co.,* No. 93 Civ. 5973 (PKL), 1993 WL 535166 (S.D.N.Y. Dec. 22, 1993).)

As discussed above, the Chase District Court Action, Second and Third FDIC District Court Actions and the WAAC Adversary Proceeding involve sufficient overlapping parties and factual and legal issues to invoke the first-filed rule, and Debtor's WAAC Adversary Complaint should therefore be dismissed.

### E.   Count III Relating to the Filing of a Proof of Claim Should Be Dismissed Because the Debtor Fails to Plead the Essential Elements of Fraud

Whether New York or Connecticut law applies to Debtor's purported fraud claims, the Debtor has failed to plead elements essential to maintaining a cause of action for fraud.  Under New York law, the five elements of a fraud claim must be shown by clear and convincing evidence: (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff. *Crigger v. Fahnestock & Co.*, *Inc.,* 443 F.3d 230, 234 (2d Cir. 2006) (citing *Schlaifer Nance & Co. v. Estate of Warhol,* 119 F.3d 91, 98 (2d Cir. 1997)).  Under Connecticut law, "[t]he essential elements of an action in common law fraud ... are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. . . . The party to

whom the false representation was made must claim to have relied on that representation and to have suffered harm as a result of the reliance." *Ensign Yachts, Inc. v. Arrigoni*, 567 F. App'x 32, 33 (2d Cir. 2014) (citing *Simms v. Seaman,* 308 Conn. 523, 548, 69 A.3d 880 (2013)).

In Count III of the Adversary Complaint, the only "representation" alleged by the Debtor is Chase's filing of a proof of claim in a prior bankruptcy that was previously pending before this Court. *See* Adv. Compl., ¶ 6.2.  As noted above, on May 19, 2015, the Debtor filed a Chapter 13 bankruptcy petition (the Debtor's third bankruptcy filing) in this Court, Case No. 15-22704-rdd. In that case, the Chapter 13 Trustee moved to dismiss on several grounds, including failure to make plan payments, failure to provide information to the trustee and failure to qualify for Chapter 13 pursuant to Bankruptcy Code section 109(e) because the Debtor's listed unsecured debt of $708,603.39 far exceeded the Bankruptcy Code's $383,175.00 limitation.  *See* Berg Decl., Ex. K.  On September 18, 2016, this Court granted the Trustee's motion and dismissed the Debtor's third bankruptcy case, which was marked as closed on September 29, 2015.  *See* Berg Decl., Ex. L.

The Debtor does allege that any misrepresentations were made by WaMu Asset Acceptance Corp.  The Debtor does not claim that he in any way relied on the proof of claim filed in that case, nor does he allege that he suffered any damages as a result of such reliance.  Of course, as the prior bankruptcy case was dismissed, Debtor could not have suffered any damages.

Accordingly, this claim should be dismissed with prejudice.

## II.   ALTERNATIVELY, THE COURT SHOULD ABSTAIN FROM HEARING THIS ADVERSARY PROCEEDING

### A.   Mandatory Abstention from this Adversary Proceeding is Required

Under 28 U.S.C. § 1334(c), this Court may abstain from hearing a matter on either a mandatory or permissive basis.  "A party seeking mandatory abstention must prove each of the

following: (1) the motion to abstain was timely; (2) the action is based on a state law claim; (3) the action is 'related to' but not 'arising in' a bankruptcy case or "arising under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action is commenced in state court; (6) that action can be 'timely adjudicated' in state court." *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 331 (S.D.N.Y. 2003) (citations omitted).  In order for mandatory abstention to apply, all elements must be met.  *Id.*

Here, all of the elements required for mandatory abstention are met:  (1) as the Debtor has yet to serve the WAAC Adversary Complaint, Defendant has filed this motion within the time period prescribed to file a motion to dismiss; (2) the Debtor's purported claims for fraud and declaratory judgment are state court claims; (3) the claims asserted in the WAAC Adversary Proceeding are 'related to' but not 'arising in' a bankruptcy case or "arising under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; and (5) to date, there have been more 25 days of trial in the CT State Court Action, evidence has been closed, post-trial briefing is due by October 25, 2017, and therefore the issues raised in the WAAC Adversary Proceeding are being timely adjudicated in the CT State Court.

Accordingly, mandatory abstention is appropriate.

**B.     Even If Mandatory Abstention Is Not Required, Permissive Abstention from the WAAC Adversary Proceeding is Warranted**

Should the Court decide not to mandatorily abstain from hearing this action, the Court should, nevertheless, permissively abstain.  A court may permissibly abstain from hearing an action "in the interest of justice, or in the interest of comity with State courts or respect for State law."  28 U.S.C. § 1334(c)(1).  When determining whether to permissively abstain, the Court considers one or more of the following twelve factors:

3169423.2

> (1) the effect or lack thereof on the efficient administration of the
> estate if a court recommends abstention; (2) the extent to which
> state law issues predominate over bankruptcy issues; (3) the
> difficulty or unsettled nature of the applicable state law; (4) the
> presence of a related proceeding commenced in state court or other
> non-bankruptcy court; (5) the jurisdictional basis, if any, other than
> 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of
> the proceeding to the main bankruptcy case; (7) the substance
> rather than the form of an asserted "core" proceeding; (8) the
> feasibility of severing state law claims from core bankruptcy
> matters to allow judgments to be entered in state court with
> enforcement left to the bankruptcy court; (9) the burden of [the
> court's] docket; (10) the likelihood that the commencement of the
> proceeding in a bankruptcy court involves forum shopping by one
> of the parties; (11) the existence of a right to a jury trial; and (12)
> the presence in the proceeding of non-debtor parties.

*See In re Personal Communication Devices, LLC*, 556 B.R. 45 (Bankr. E.D.N.Y. 2016); *In re Exeter Holding, Ltd.,* Case No. 11-77954 (AST), 2013 Bankr. LEXIS 1008, at *10-11 (Bankr. E.D.N.Y. Mar. 14, 2013) (citations and quotations omitted).  "Permissive abstention under 28 U.S.C. § 1334(c)(1) is within the sound discretion of the bankruptcy court."  *In re Abir*, 2010 WL 1169929  (E.D.N.Y. Mar. 22, 2010).

Consideration of the applicable factors enumerated above weigh heavily in favor of abstention:  state law issues predominate over bankruptcy issues; the CT State Court Action, Chase District Court Action, and Second and Third FDIC District Court Actions are pending; the claims asserted in the WAAC Adversary Proceeding are remote to the main bankruptcy case; the Debtor's blatant attempt at forum shopping is a burden on the court's docket; and the Debtor's attempts to remove the CT State Court Action multiple times to district courts in Connecticut and New York, the Debtor's filing of the District Court Complaint, and the Debtor's multiple bankruptcy filings lead to the inescapable conclusion that the instant WAAC Adversary Proceeding is nothing more than the Debtor's latest attempt at forum shopping.

3169423.2

Accordingly, permissive abstention from hearing this Adversary Proceeding is appropriate in this instance.

###### C.    In Addition to Abstention Under 28 U.S.C. § 1334(c), *Colorado River* Abstention from this Adversary Proceeding Is Also Appropriate Here

*Colorado River* abstention permits the Court to decline jurisdiction in "certain other 'exceptional circumstances.'" *See Niagara Mohawk Power Corp. v. Hudson Riv.-Black Riv. Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado Riv. Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813 (1976)). "In *Colorado River*, finding that none of [the traditional rationales for abstention] applied, the Supreme Court crafted a new doctrine 'resting not on considerations of state-federal comity or on avoidance of constitutional decisions, as does abstention, but on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Larobina v. Comm'r of Transp.*, 03CV217 (EBB), 2005 WL 2789321, at *3 (D.Conn. Oct. 25, 2005) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14–15 (1983)).

When determining whether to abstain under *Colorado River*, the factors a federal court must consider are: (1) whether the controversy involves a *res* over which one of the courts has assumed jurisdiction; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the actions were filed and the relative progress of the two proceedings; (5) whether federal law provides the rule of decision; (6) whether the state court will adequately protect the rights of all parties and (7) whether the federal filing was vexatious (*i.e.*, intended to harass) or reactive (in response to adverse rulings in the state court). *Colorado River*, 424 U.S. at 818–19 (internal citations omitted); *Moses H. Cone Mem. Hosp.*, 460 U.S. at 1; *Woodford v. Community. Action Agency of Greene County., Inc.*, 239 F.3d 517, 522 (2d Cir.2001). "No single factor is necessarily decisive, . . . and the weight to be given to

24

any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.* "[T]he test ... is no mechanical checklist." *Id.*

Additionally, a "necessary prerequisite to abstention under *Colorado River*" is "a finding that the concurrent proceedings are 'parallel'". *Dittmer v. County of Suffolk,* 146 F.3d 113, 117–18 (2d Cir.1998). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Id.* (quoting *Day v. Union Mines Inc.,* 862 F.2d 652, 655 (7th Cir.1988)).

Here, application of the above-referenced factors weighs heavily in favor of abstention. First, the WAAC Adversary Proceeding and CT State Court Action are parallel in that they involve substantially the same parties and are contemporaneously litigating substantially the same issues regarding the enforceability of the Note and Mortgage.  In the CT State Court Action, the Debtor asserts fifty special defenses attacking the authenticity of the loan documents and standing, while also alleging false signatures, that misapplication of payments, and that WaMu failed to correct issues with the Note at closing.  The Debtor also asserts twenty counterclaims in the CT State Court Action based on these allegations for fraud, deceptive and unfair practices, negligence, breach of contract, and tortious misuse of process.  The same allegations and claims form the basis for the Debtor's WAAC Adversary Complaint.

Further, abstention is necessary to avoid piecemeal litigation between this court, the CT State Court Action, the Chase District Court Action and the Second and Third FDIC District Court Actions.  Another factor favoring abstention is that state rather than federal law provides the rule of decision in connection with the Debtor's purported causes of action.  In addition, the CT State Court Action as filed well before this Adversary Proceeding and is at a very advanced stage.  The CT State Court Action has been pending for nearly seven years and has been on trial

for nearly two and a half years, since July 3, 2014.  To date, there have been more than 25 days of trial in the CT State Court Action, evidence is now closed, and post-trial briefing is due on October 25, 2017.  There is no reason to doubt that the CT State Court will adequately protect the rights of all parties to this action.

Finally, in light of the Debtor's history, the filing of the Adversary Proceeding was clearly vexatious and in response to the adverse rulings of the various other federal courts to which the Debtor tried to remove his CT State Court counterclaims and the CT State Court's refusal to further stay the state court trial after the Debtor's frivolous removal attempt.  Here, the Debtor's delay tactics in the state court action, his multiple bankruptcy filings and frivolous notices of removal in both Connecticut and New York, evidence that the Debtor's pending bankruptcy case and this Adversary Proceeding are nothing more than his latest attempt at forum shopping.

As such, abstention under *Colorado River*, as well as abstention under 28 U.S.C. § 1334, is appropriate under these circumstances.

### D.      In Addition to Abstention Under 28 U.S.C. § 1334(c) and *Colorado River*, the *Younger* Abstention Doctrine Also Bars Debtor's Claims

The Debtor's claims are also barred by the *Younger* abstention doctrine.  *Khan v. Bank of Am. Home Loan Servicing L.P.*, No. CIV. 12-117, 2012 WL 1898619, at *1 (D.N.J. May 23, 2012) (dismissing federal action relating to pending state court foreclosure action on the basis of the *Younger* doctrine); *see also Gray v. Pagano*, 287 F. App'x 155, 157 (3d Cir. 2008) (under the doctrine of *Younger* abstention, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances and dismissing complaint filed in connection with ongoing foreclosure action in state court).  Here, Plaintiff specifically seeks a declaration

26

that the Note and Mortgage are unenforceable and a declaration that the security interest in the Property is void." WAAC Adv. Compl., ¶¶ 5.2-5.8 and pp. 23-24.

There are three requirements which must be met before a federal court may properly invoke *Younger* abstention: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

In the instant case, the CT State Court Action is ongoing and at the post-trial briefing stage. Additionally, the State of Connecticut has an important interest in the adjudication of property rights with regard to land and dwellings within its borders. *See also Pagano*, 287 F. App'x at 155, 157 (finding that second prong of *Younger* was satisfied in cases in which the federal relief would render a state court's orders or judgments nugatory). Finally, given that the Debtor's purported claims in the instant action are state law claims, the action in state court presented an adequate opportunity for the Debtor to have his claims heard. Accordingly, the requirements of *Younger* are satisfied and abstention from hearing this action is appropriate.

## CONCLUSION

Accordingly, for all of these reasons, it is respectfully submitted that the Debtor has failed to state a cause of action against the Defendant. It is therefore respectfully requested that the Court enter an Order (i) granting Defendant's Motion, (ii) dismissing the Adversary Complaint in its entirety with prejudice, or, in the alternative, abstaining from this Adversary Proceeding; and (iii) granting Defendant such other and further relief the Court deems just, proper and equitable.

3169423.2

Dated:  September 12, 2017

Respectfully submitted,

**PARKER IBRAHIM & BERG LLC**
*Attorneys for Defendant,*
WaMu Asset Acceptance Corp.

/s/ James P. Berg
James P. Berg, Esq.
5 Penn Plaza, Suite 2371
New York, New York 10001
Main: 212.596.7037
Fax: 212.596.7036
james.berg@piblaw.com

28